IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO A. PELINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1308 |
| | ) | Judge Arthur J. Schwab/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JOHN E. WETZEL and ROBERT GILMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), the Complaint be dismissed for failure to state a claim upon which relief can be granted because from the face of the Complaint it is clear that Plaintiff failed to exhaust his administrative remedies before he commenced this federal civil action.

### II. REPORT

Vito A. Pelino ("Plaintiff") has filed a civil rights Complaint, alleging that his constitutional rights were violated by the promulgation of new mail regulations imposed by the Pennsylvania Department of Corrections ("DOC") that was prompted by the apparent poisoning of corrections officers who came into contact with dangerous substances that had been somehow introduced into various state prisons. Plaintiff concedes in his Complaint that he has not completed the exhaustion of administrative remedies prior to filing the instant civil action. Furthermore, because the new mail policy of which Plaintiff complains was only promulgated on September 7, 2018, according to the Complaint, and because Plaintiff is deemed to have filed the current civil action, pursuant to the prisoner mail box rule, as of the date he signed the initiating

pleadings in this Court, i.e., September 23, 2018, and because this time period of roughly two weeks is simply insufficient time for Plaintiff to have exhausted his administrative remedies prior to the filing of this civil action, the Complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA.

### A.  PROCEDURAL AND FACTUAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner at the State Correctional Institution in Greene ("SCI-Greene").  Plaintiff sent a Petition for Temporary Restraining Order and Preliminary Injunction ("TRO/PI Motion") which he had signed on September 23, 2018.  ECF No. 1 at 15.  Attached to the TRO/PI Motion were exhibits.  One exhibit was a Notice to all inmates authored by John Wetzel, the Secretary of the DOC.  ECF No. 1-1.  The Notice, dated September 7, 2018 indicated that for all non-privileged inmate mail, such mail will be sent to a central mail processing facility in Florida, which will scan the mail and that DOC staff will print electronic copies of the original mail received and deliver the scanned copies to the intended inmate.  Id.

Because the TRO/PI Motion was not accompanied by a filing fee or by a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") or a form civil rights Complaint, the Court issued a deficiency order.  ECF No. 2.  Plaintiff rectified the deficiency by filing an IFP Motion, ECF No. 3, which the Court granted.  ECF No. 4.  Consequently, the Complaint was filed.  ECF No. 6.

In the Complaint, Plaintiff concedes that he has not exhausted his administrative remedies.  ECF No. 6, ¶ V.C.1 ("1) Plaintiff has been filing grievances, and appeals since this new policy came into effect, in addition to filing a preliminary injunction. 2) still appealing initial grievance (awaiting response).").

**B. APPLICABLE LEGAL PRINCIPLES**

In the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, and/or because Plaintiff is a prisoner suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."); 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions").

In reviewing complaints as mandated by the screening provisions of the PLRA and in applying the standards applicable to a Rule 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, when a plaintiff is pro se, courts accord an even more liberal reading of the complaint,

3

employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

### C.  DISCUSSION

In the Operative Complaint, Plaintiff complains that on September 7, 2018, the Defendants promulgated a new mail policy.  Plaintiff claims that the new mail policy violates his First Amendment rights and his attorney client privilege.  Plaintiff also concedes that prior to filing this lawsuit, Plaintiff did not exhaust his administrative remedies because he was "[s]till appealing initial grievance (awaiting response)."  ECF No. 6 ¶ V.C.1.

Not only does Plaintiff concede that he did not exhaust but Plaintiff cannot possibly have exhausted his administrative remedies, as he is required to do by 42 U.S.C. § 1997e before the filing of a complaint in federal court given the brief passage of time between the promulgation of the new policy and the initiation of this civil action in this Court.   Pursuant to 42 U.S.C. § 1997(e)(a) of the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Moreover, the rule is that "[t]he 'available' 'remed[y]' must be 'exhausted' **before** a complaint under § 1983 may be entertained."  Booth v. Churner, 532 U.S. 731, 738 (2001) (emphasis added).  Accord Dancy v. Collier, 266 F. App'x 102, 104 (3d Cir. 2008) ("A prisoner who challenges prison conditions must exhaust available administrative remedies **before** filing suit in federal court.") (emphasis added); Oriakhi v. U.S., 165 F.App'x 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court

consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the statute makes exhaustion a precondition to filing an action in federal court .... The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Young v. Beard, Civ. A. No. 06-160, 2008 WL 2693860, at *5 (W.D. Pa. April 4, 2008); Hughes v. Pillai, No. 3:07-CV-0055, 2008 WL 723510, at *13 (W.D. Pa. March 17, 2008).

Accordingly, both the Complaint on its face and the timing of the filing of the Complaint definitively demonstrate that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Having demonstrated on its face that the Complaint was filed before exhaustion was completed, the Complaint fails to state a claim upon which relief can be granted and must be dismissed as such pursuant to the screening provisions of the PLRA. Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) (a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim."), *abrogated in part on other grounds by* Coleman v. Tollefson, __ U.S. __, 135 S.Ct. 1759, 1763 (2015).

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the action be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA. Plaintiff may a complaint in a new civil action after he completely exhausts the grievance procedure.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule

72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                 Respectfully submitted,

Date: November 1, 2018                      s/Maureen P. Kelly
                                            MAUREEN P. KELLY
                                            UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Arthur J. Schwab
          United States District Judge

          VITO A. PELINO
          KP4339
          SCI Greene
          175 Progress Dr.
          Waynesburg, PA 15370